IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DEBORAH S.,                                )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )        CASE NO. 3:25-CV-403-KFP
                                           )
FRANK BISIGNANO,                           )
Commissioner of Social Security,           )
                                           )
        Defendant.                         )

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Deborah S. filed a Complaint seeking review of the

Social Security Administration's decision denying her application for disability and

disability insurance benefits. Doc. 1. The Court construes Claimant's supporting brief

(Doc. 12) as a motion for summary judgment and the Commissioner's opposition brief

(Doc. 17) as a motion for summary judgment. The parties have consented to the exercise

of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Docs. 5,

6.

Upon review of the record and the pending motions, the Court finds that Claimant's

motion for summary judgment is due to be DENIED, the Commissioner's motion for

summary judgment is due to be GRANTED, and the decision of the Commissioner is due

to be AFFIRMED.

## I.      STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla" – i.e., the evidence "must do more than create a suspicion of the existence of the fact to be established," and must include "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (first citing *Walden v. Schweiker*, 672 F.2d 835, 838–39 (11th Cir. 1982); and then citing *Richardson*, 402 U.S. at 401); *accord Edwards v.*

*Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam).

## II.    BACKGROUND

On January 21, 2022, Plaintiff protectively filed an application for disability insurance benefits alleging disability beginning January 1, 2022. R. 17, 188–93. After the claims were denied at the initial level and on reconsideration, Plaintiff requested a hearing with an Administrative Law Judge (ALJ). R. 17, 116–20, 136–54. After a hearing, an ALJ issued an unfavorable decision that found Plaintiff was not disabled for the period between January 1, 2022, and June 23, 2023, the date prior to when she was found disabled. R. 14–69. Plaintiff sought review and on April 2, 2025, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. R. 1–6. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

On the date of the ALJ's decision, Plaintiff was 55 years old. R. 27–28. Plaintiff completed a college degree and has past relevant work as an occupational therapist. R. 212. Plaintiff alleged disability due to mixed connective tissue disease/lupus, neuropathy, stroke, migraines, orthostatic hypotension, Raynaud's syndrome, and high cholesterol. R. 211.

After reviewing the evidence and testimony presented at the administrative hearing, the ALJ evaluated Plaintiff's applications for disability using the five-step sequential

evaluation process. R. 19–28. First, the ALJ determined Plaintiff had not engaged in substantial gainful activity since January 1, 2022, the alleged onset date. R. 19. Next, at step two, the ALJ found that Plaintiff had the severe impairments of cerebral vascular accident with mild residuals; rheumatoid arthritis; lupus and mixed connective tissue disease; fibromyalgia; right shoulder impairment; left finger disorder; De Quervain's tenosynovitis; and migraine headache disorder. R. 19–21. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled any of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (2025) (the Listings). R. 21–23.

The ALJ found Plaintiff had the residual functional capacity (RFC) to perform work at less than the full range of work at the light exertional level, but with the following additional limitations:

> occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; occasionally balance, kneel, crouch, or crawl; no overhead reaching with the upper right dominant extremity; avoid all exposure to temperatures of cold, and heat, and work in climate controlled environments; frequent handling and fingering bilaterally; avoid all exposure to concentrated fumes, odors, dusts, gasses, and any other pulmonary/respirator irritants in the concentrated form; avoid all exposure to hazards in the workplace, such as dangerous moving machinery and unprotected heights.

R. 23–26. At step four, the ALJ found that Plaintiff could not perform her past relevant work. R. 26. However, at step five, and based on Plaintiff's age, education, work experience, RFC, and the testimony of a vocational expert (VE), the ALJ found that other work existed in significant numbers in the national economy which Plaintiff could perform, such as cashier II, sales attendant, and marker. R. 26–28. As a result, the ALJ found

Plaintiff was not disabled from at any time from January 1, 2022, through June 23, 2023, the date prior to when Plaintiff was determined disabled. R. 28.

## III.   ISSUES ON APPEAL

On appeal, Claimant presents four issues for review. Doc. 12 at 1. First, Claimant argues that the ALJ failed to comply with 20 C.F.R. § 1520c. *Id.* Second, Claimant argues that "the ALJ committed reversible error by not providing a clear explanation for not finding any stooping limitations in the RFC despite finding Drs. Haas and Whitney's opinion that Ms. Smith could only occasional[ly] stoop 'generally persuasive.'" *Id.* Third, Claimant argues that the ALJ's RFC finding is not based on substantial evidence. *Id.* Finally, Claimant asserts that the Commissioner improperly relied upon the vocational expert's responses to an incomplete hypothetical question. *Id.*

## IV.   DISCUSSION

> **A.   The doctors' advice to "avoid standing still for long periods of time" is not a medical opinion pursuant to 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2)).**

Claimant was given advice to "avoid standing still for long periods of time." Doc. 12 at 9 (citing R. 1349). Claimant argues that because this statement "is a medical opinion" concerning Claimant's "restrictions with standing" that the ALJ committed a legal error by not articulating the persuasiveness of this opinion. Doc. 12 at 9.

The regulations require the ALJ to "articulate how [the ALJ] considered the medical opinions and prior administrative medical findings in [Claimant's] claim[.]" 20 C.F.R. § 404.1520c(a). "'[A] medical opinion is a statement from a medical source about what you can still do despite your impairment(s) *and* whether you have one or more impairment-

related limitations or restrictions in' certain abilities." *Barnett v. Comm'r of Soc. Sec.*, 2025 U.S. Dist. LEXIS 106897, at *9–10 (S.D. Fla. June 5, 2025) (citing 20 C.F.R.§§ 404.1513(a)(2), 416.913(a)(2)). Relevant here, the opinion should be "about impairment-related limitations and restrictions in . . . [Claimant's] ability to perform physical demands of work activities, such as . . . standing[.]" 20 C.F.R. § 416.913(a)(2)(i)(A). In contrast to a medical opinion, "[o]ther medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response or prognosis." 20 C.F.R. § 416.913(a)(3).

Further, "[t]he administrative law judge [is] not required to state what weight he assigned to medical records that did not qualify as medical opinions. An administrative law judge is obligated to assign a weight only to a statement that constitutes a medical opinion." *Romero v. Comm'r of Soc. Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018) (per curiam) (finding that "[t]he medical records failed to address [the claimant's] ability to work" when they "mention only [the claimant's] physical complaints, his medical history, the results of his physical examinations and laboratory tests, and recommendations for and responses to treatment."); *see also Morris v. SSA, Comm'r*, 2022 U.S. Dist. LEXIS 17888, at *9–10 (N.D. Ala. Jan. 31, 2022) (finding that where doctors provided diagnosis, testing, and treatment that did not "provide[] a medical opinion as defined by the regulations," the ALJ did not err by failing to give those opinions weight); *Wood v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 118743, at *17–18 (M.D. Fla. June 25, 2021) (finding because "Claimant points to nothing in those records besides 'medical history, clinical findings, diagnosis,

treatment prescribed with response or prognosis" or subjective complaints that did not "constitute medical opinions" that the ALJ did not "fail[] to weigh" a medical opinion (internal citations omitted)).

While Claimant posits that "avoid standing still for long periods of time" is a medical opinion, Claimant does not show how this recommendation "address[es] [Claimant's] ability to perform demands of work 'despite [his] impairment(s).'" *Ball v. SSA*, 2025 U.S. App. LEXIS 7982, at *8 (11th Cir. Apr. 4, 2025) (per curiam) (third alteration in original) (quoting 20 C.F.R. § 416.913(a)(2))  (finding that a doctor's treatment notes involving "lifting, pushing, and pulling limitations" did not constitute a medical opinion, but were instead "treatment-plan recommendations for [the plaintiff's] back pain").

As the Commissioner argues, the instruction to "avoid standing still for long periods of time" was given to Plaintiff in a list of "Patient Instructions" which included other admonitions , such as: "continue all medications as listed above"; "increase the salt intake in their diet"; "consume 2 liters of fluid per day"; "change positions slowly"; and "wear compression garmets [sic] like biker shorts or other hosiery." R. 1349. This list of instructions is analogous to the list of limitations given in the treatment plan in *Ball*. The nurse practitioner in *Ball* gave the plaintiff a treatment plan for his back pain, "which involved adopting a low-sodium and low-fat diet, walking daily for twenty to thirty minutes, [and] 'no lifting, pushing or pulling' anything greater than ten pounds,[.]" 2025 U.S. App. LEXIS 7982, at *3–4. Similarly, the instructions at issue here do not consider Claimant's "ability to perform demands of work 'despite [her] impairments,'" *id.* at *8,

7

rather, these instructions offer recommendations for how Claimant can manage her postural orthostatic tachycardia syndrome (POTS). R. 1349.

Plaintiff argues that the cases[1] the Commissioner cites to can be distinguished from the current situation because "[a] statement to avoid standing is not a diagnosis, test, or treatment." Doc. 18 at 2. Plaintiff insists that this statement is "a restriction specifically identified in the code of federal regulations defining medical opinions." Doc. 18 at 2 (citing 20 C.F.R. § 404.1513(a)(2)). While this subsection does identify that "standing" is included in this list of abilities, Claimant does not elaborate how this statement in the context of a doctor's treatment plan satisfies the requirements of a medical opinion concerning "what [she] can still do" in the employment context. *See* 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2)); *see Dye v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 60449, at *10 (M.D. Fla. Mar. 31, 2022) (finding that because the doctor's statements did not "assess the extent to which [the plaintiff] can perform any particular function in a work setting" that such statements "do not constitute 'medical opinions' for purposes of the applicable regulatory regime.").

Here, the medical professionals "advised patient to avoid standing still for long periods of time." R. 1349. This statement is not a medical opinion because it is medical advice being given to patient as a treatment plan, and it is not a judgment about what Claimant "can still do despite [her] impairment[]" or "whether [Claimant] ha[s] one or

---

[1] The Commissioner cites to *Morris* and *Wood* for the principle that a medical opinion cannot be comprised of diagnoses, testing, or treatment. Doc. 17 at 6.

more impairment-related limitations or restrictions in' certain abilities." *Barnett*, 2025 U.S. Dist. LEXIS 106897, at *9–10.

Because Claimant has failed to show how "avoiding standing still for long periods of time" is a "medical opinion" under 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2)), Claimant has not established that the ALJ erred by not weighing the persuasiveness of this other medical evidence.

**B.      The ALJ's RFC finding does not conflict with Drs. Haas and Whitney's medical opinions.**

The ALJ found the medical opinions from the state agency medical doctors, Dr. Haas and Dr. Whitney, "mostly persuasive" and adopted "additional postural limitations" based on this evidence. Doc. 12 at 11 (citing R. 25). In their listed limitations, both doctors included a limitation on "stooping" and opined that Claimant could stoop only "occasionally." R. 83, 93. In the ALJ's RFC, the ALJ included no stooping limitation. R. 23. Claimant argues the ALJ erred by (1) failing to include the stooping limitation in the RFC, and (2) failing to include the stooping limitation in the hypothetical to the VE. Doc. 12 at 11 (citing R. 23, 63–66).

"The RFC 'is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments. Along with [her] age, education and work experience, the claimant's residual functional capacity is considered in determining whether the claimant can work.'" *Malak v. Comm'r of Soc. Sec.*, 131 F.4th 1280, 1285–86 (11th Cir. 2025) (alterations in original) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. §§ 404.1545(a), 404.1520(f))). "A

claimant's RFC is reserved to the determination of the ALJ and is concluded based on the relevant medical evidence and other evidence included in the case record." *Smith v. Saul*, 413 F. Supp. 3d 1140, 1144 (N.D. Ala. 2019) (citing 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3)). "The regulations provide that the Commissioner 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources.'" *Reeves v. Kijakazi*, 2023 U.S. Dist. LEXIS 171410, at *15 (M.D. Ala. Sept. 26, 2023) (alteration in original) (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). "[T]he regulations do not require ALJs to adopt into an RFC every part of an opinion that they otherwise find persuasive." *Sanders v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 60442, at *11 (M.D. Fla. Mar. 31, 2022). "Moreover, the ALJ provides an RFC by considering the entirety of the evidence rather than a single opinion—not simply regurgitating in the RFC from even persuasive medical opinions, and some slight deviation may be appropriate." *Reeves*, 2023 U.S. Dist. LEXIS 171410, at *15 (quoting *Vilches v. Kijakazi*, 2022 U.S. Dist. LEXIS 190710, at *9 (M.D. Ala. Oct. 19, 2022)). "As long as the ALJ properly evaluated the medical opinion . . . the only issue is whether substantial evidence support[]s the RFC assessment." *Sesler v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 237516, at *17 (M.D. Fla. Dec. 13, 2021).

Here, the ALJ found Drs. Haas and Whitney's medical opinions mostly persuasive as it relates to their findings that "claimant [is] limited to light exertion with occasional posturals; no climbing ladders, ropes, or scaffolds; and frequent balancing." R. 25 (citing R. 83–84, 93–94). Both state agency medical opinions reflect these findings that Claimant

should "never" climb ladders, ropes, or scaffolds and also indicate Claimant has frequent balancing limitations. R. 83, 93. Thus, substantial evidence supports the inclusion of those limitations, as well as the limitations the RFC includes involving kneeling, crouching, or crawling. R. 23. The RFC finding does not include the phrase "stooping." However, elsewhere the ALJ accounted for "abnormal physical findings in the record" by noting that those findings "could reasonably be expected to cause some limits in the claimant's exertional capacity and limit her ability to perform some postural and manipulative movement," but that "the evidence does not support limitations greater than those outlined in the assigned residual functional capacity." R. 25. The ALJ further describes that "claimant maintains the ability to care for herself independently, shop in stores, prepare simple meals, and perform some household chores." R. 25.

In her brief, Claimant analogizes *Weidlich v. Comm'r of Soc. Sec* to these facts. Doc. 12 at 10. Claimant argues that in *Weidlich*, the Eleventh Circuit reversed the ALJ because the ALJ "omitted one of the limitations opined by the doctor in the RFC and failed to include it in the hypothetical to the vocational expert." Doc. 12 at 10 (citing *Weidlich v. Comm'r of Soc. Sec.*, 2023 WL 8015753 (11th Cir. Nov. 20, 2023) (per curiam)).

While Claimant is correct in noting that the Eleventh Circuit reversed the ALJ's finding in *Weidlich*, there, the ALJ's finding was reversed because the ALJ's RFC finding *conflicted* with the doctor's opinion. In *Weidlich*, the doctor opined "Weidlich 'could never lift more than 10 pounds.'" *Weidlich*, 2023 WL 8015753, at *2. The ALJ found this opinion persuasive, yet "found that Weidlich could perform 'light work' which involves lifting up to twenty pounds." *Id.* The Eleventh Circuit determined that "the ALJ's RFC assessment

conflicts with [the doctor's] medical opinion, and the absence of a clear explanation violates [the regulations]." *Id.* The Court held that because there was no "clear explanation," substantial evidence could not support the ALJ's decision. *Id.*

Here, while Claimant has identified that the RFC finding contains no stooping limitations, Claimant has not identified how the ALJ's RFC finding *conflicts* with the medical opinion. Merely leaving out one of the recommendations in an opinion does not create a conflict by default. *See Spivey v. Bisignano*, 2025 U.S. Dist. LEXIS 190469, at *11 (S.D. Ga. Sept. 26, 2025) (finding that because Claimant did not identify a specific limitation in the doctor's opinion that *conflicts* with the RFC, the Claimant fails to satisfy his burden). For these reasons, the Court finds that substantial evidence supports the ALJ's RFC finding. Because substantial evidence supports the ALJ's RFC finding, the ALJ did not need to include a stooping limitation in the hypothetical that was not included in the RFC finding. See *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam) ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported[.]").

### C.    Substantial evidence supports the ALJ's RFC finding.

Claimant argues the ALJ's RFC finding was not based on substantial evidence. Doc. 12 at 11. In support of this, Claimant cites certain evidence the ALJ did not consider in her decision. Doc. 12 at 11. Specifically, Claimant argues the ALJ failed to address Claimant's: (1) ability to stand; (2) migraines and related visual conditions; and (3) mild mental limitations. Doc. 12 at 11–14. Below, the Court will assess whether substantial evidence supports the ALJ's RFC finding. Because the Court already reached a determination of

whether substantial evidence supports excluding a "standing" limitation in subsection B, the Court will proceed to address only Claimant's arguments concerning limitations related to migraines and mild mental limitations.

### 1.      Migraines and visual conditions

Claimant argues the ALJ erred by failing to "account for limitations from [her] severe migraines in the RFC" and "explain [her] consideration of [Claimant's] photosensitivity resulting from her migraines and [failing] to include limitations for the same in the RFC." Doc. 12 at 13–14.

"At step two the ALJ must determine if the claimant has any severe impairment. This step acts as a filter; if no severe impairment is shown the claim is denied[.]" *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). "Step Two is 'a threshold inquiry and allows only claims based on the most trivial impairments to be rejected.'" *Johnson v. Bisignano*, 2025 U.S. Dist. LEXIS 193542, at *15 (S.D. Ala. Sept. 30, 2025) (quoting *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam)). Next, "[a]t step three the ALJ must determine if the applicant has a severe impairment or a combination of impairments, whether severe or not, that qualify as a disability." *Jamison*, 814 F.2d at 588.

"Severe impairments do not necessarily result in specific functional limitations . . . . [and i]f no specific functional limitations from a severe impairment exist, the ALJ need not include a corresponding limitation for that impairment in the RFC." *Jones v. Kijakazi*, 2023 U.S. Dist. LEXIS 47321, *17 (M.D. Ala. Mar. 21, 2023) (alteration in original) (internal citations omitted) (collecting cases). "The ALJ may thus 'incorporate' a claimant's severe impairments into an RFC by acknowledging and weighing those

13

impairments in his report, without the impairments necessarily resulting in an imposition of impairment-specific work limitations in the RFC." *Fortner v. Astrue*, 2013 U.S. Dist. LEXIS 101864, at *16 (N.D. Ala. July 22, 2013). "'[W]hen an ALJ identifies migraines as a severe impairment, but fails to explain how the impairment is accounted for in the RFC findings,' remand is appropriate." *Clarence E. v. Comm'r*, 2024 U.S. Dist. LEXIS 250959, at *7 (N.D. Ga. Oct. 31, 2024) (quoting *Gurske v. Comm'r of Soc. Sec.*, 2019 U.S. Dist. LEXIS 24973, at *8 (M.D. Fla. Feb. 15, 2019)).

Here, at step 2, the ALJ found Claimant's migraine disorder was a severe impairment. R. 19. However, at step 3, the ALJ found the "claimant's migraines do not medically equal a listed impairment." R. 22. At this step 3 finding, the ALJ described that she "considered the specific body systems affected by the claimant's migraines, including the neurological system, and there is no evidence to support a finding of listing level severity[,]" and "there is no medical expert opinion to support a finding of medical equivalence." R. 22. When determining Claimant's RFC, the ALJ further noted Claimant's migraine headaches and found "reports showed her headaches were stable and well-controlled with medical compliance[.]" R. 24 (citing R. 1205–1225, 1243–1286, 1364–1378). Overall, the ALJ ultimately found "the evidence does not support limitations greater than those outlined in the assigned residual functional capacity." R. 25.

As noted above, just because the ALJ identifies a claimant suffers from a severe impairment, "the ALJ need not include a corresponding limitation for that impairment in the RFC." *Jones*, 2023 U.S. Dist. LEXIS 47321, at *17. Claimant argues that *Raduc v.*

*Comm'r of Soc. Sec.*[2] and *Getman v. Kijakazi*[3] "require" the ALJ "to account for limitations from [Claimant's] severe migraines in the RFC," and that the ALJ erred by not "explain[ing] [her] consideration of [Claimant's] photosensitivity resulting from her migraines[.]" Doc. 12 at 13–14.

In *Raduc*, the claimant challenged the ALJ's RFC determination on the basis that the "ALJ erred at step four of the sequential evaluation by determining that her IBS did not affect her RFC and that she could perform her past relevant work[.]" 380 F. App'x 896, 898 (11th Cir. 2010). There, the Eleventh Circuit reversed and remanded the ALJ's decision because, after finding Claimant's IBS was a severe impairment, the ALJ "fail[ed] to discuss how IBS might affect Raduc's ability to perform her job duties as a dispatcher[.]" *Id.* The Eleventh Circuit held "[s]ubstantial evidence does not support the finding that Raduc could return to her past relevant work because the ALJ did not meaningfully conduct the proper legal analysis about the effect of Raduc's IBS on her RFC." *Id.* at 899. In contrast, here, the ALJ did discuss Claimant's severe migraine impairment and ultimately found that the "reports showed her headaches were stable and well-controlled with medical compliance." R. 24 (citing R. 1205–1225, 1243–1286, 1364–1378). The ALJ also noted that during an April 2023 office visit, "claimant denied balance difficulties, dizziness, fainting, and headaches." R. 24 (citing R. 1577). It was on this basis the ALJ did not include specific limitations related to Claimant's migraines. R. 25.

---

[2] 380 F. App'x 896 (11th Cir. 2010) (per curiam).
[3] 2023 U.S. Dist. LEXIS 158305 (M.D. Ala. Sept. 7, 2023).

In addition to the migraine issues broadly, Claimant cites to evidence in the record highlighting her photosensitivity and photophobia "resulting from her migraines." Doc. 12 at 13–14 (citing R. 1219, 1218, 1276, 1279, 1390, 1369, 1395). Claimant cites to instances in the record showing Claimant "admitting" she had blurred vision, dry eyes, and sensitivity to bright lights. R. 1276, 1279. Other evidence in the record reflects Claimant's instances of dizziness and blurred vision associated with her migraines. R. 1219. A separate document from Claimant's visit with Callahan Eye shows that Claimant presented with gradual decrease in vision as well as "glare with headlights when driving at night and having photophobia with sunlight and bright light." R. 1390.

Claimant analogizes these occurrences in the record to the situation in *Getman*. Doc. 12 at 13–14. In *Getman*, the record contained evidence of Getman's "photophobia and photosensitivity," and the ALJ ultimately found that Getman suffered from the severe impairment of migraines, but the ALJ did not include a limitation in the RFC related to Getman's light sensitivity. 2023 U.S. Dist. LEXIS 158305, at *6–8 (M.D. Ala. Sept. 7, 2023). This Court reversed the ALJ's decision on the basis that substantial evidence did not support the ALJ's decision since the ALJ did not include any explanation or limitation in the RFC concerning Getman's photophobia and photosensitivity from the migraines. *Id.* at *7–8. The Court also found that Getman's "photophobia and photosensitivity was described as 'intense' and significant' and it precluded her from being examined by medical professionals." 2023 U.S. Dist. LEXIS 158305, at *7. Further the Court found that subjective testimony revealed that Getman "stay[ed] in the dark." *Id.*

In contrast to the factual scenario in *Getman*, here, the ALJ found that Claimant's migraines were controlled and cited evidence in the record supporting her conclusion that no further limitations were warranted based on the migraines. R. 24 (citing R. 1205–1225, 1243–1286, 1364–1378). While the ALJ did not specifically provide an explanation or limitation related to visual disturbances, the ALJ never made a separate finding that Claimant's blurred vision or photophobia was a severe impairment. *See* R. 19 (listing Claimant's severe impairments). In addition, the ALJ accounted for Claimant's testimony concerning her "decreased/blurred vision" and "depth perception" and related migraines. R. 23, 47.

Here, while the ALJ did not find that Claimant's visual disturbances were their own severe impairment, to the extent they were a part of her migraines, the Court did find Claimant's migraines to be a severe impairment and concluded that no further limitations were needed based on the migraines. R. 24. "The ALJ is not required to refer to every piece of evidence in his determination so long as his denial of the plaintiff's claim is not an arbitrary dismissal that does not consider the plaintiff's medical condition as a whole." *Lolley v. Colvin*, 2015 U.S. Dist. LEXIS 159039, at *10 (N.D. Ala. Nov. 24, 2015) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). "To the extent [Claimant] points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes [the Court] from 'reweigh[ing] the evidence or substituting our judgment for that [of the Commissioner] . . . even if the evidence preponderates against' the decision." *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (per curiam) (quoting *Bloodsworth v.*

*Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Thus, because the ALJ provided an explanation in the RFC regarding the necessity of any limitations for Claimant's migraines, the ALJ's decision is supported by substantial evidence.

### 2.    Mild mental limitations

Claimant argues that the ALJ erred by not accounting for any "mild mental limitations" in the RFC finding. R. 12 at 14. "Despite Plaintiff's contention, the persuasive precedent demonstrates that ALJs are not obligated to include mental limitations in the RFC when they find 'mild' limitations in the paragraph B criteria, nor are they required to expressly explain why mild paragraph B limitations are not included in the RFC." *Mockler v. Comm'r of Soc. Sec.*, 2024 WL 4002990, at *7 (M.D. Fla. Aug. 30, 2024) (collecting cases). Here, the ALJ explained in the RFC that "the claimant's mental impairments are not significantly limiting" and ultimately found "no mental limitations warranted in the assigned residual function capacity during the relevant period." R. 25. For this reason, substantial evidence supports the ALJ's decision to exclude any limitations based on mild mental limitations.

### D.    Hypothetical posed to vocational expert

Claimant argues that the hypothetical posed to the VE "does not comprehensively account for the impairments and limitations found by the ALJ" and thus "does not qualify as substantial evidence to support the ALJ's decision." Doc. 12 at 14. Specifically, Claimant argues that the hypothetical "was less restrictive" than the RFC finding. Doc. 12 at 15. The specific distinction Claimant disputes is that the RFC finding found Claimant needed to "avoid all exposure to temperatures of cold, and heat" while the hypothetical

18

only included "extreme temperatures of cold, as well as extreme temperatures of the heat." Doc. 12 at 15 (citing R. 23, 63).

At step five of the disability inquiry, "ALJs are required to 'determine whether significant numbers of jobs exist in the national economy that the claimant can perform.'" *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1046 (11th Cir. 2020) (quoting *Winchel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "A VE's testimony constitutes substantial evidence if the ALJ poses a hypothetical question that includes all of a claimant's impairments." *Duval v. Comm'r of Soc. Sec.*, 628 F. App'x 703, 712 (11th Cir. 2015) (per curiam). "While the ALJ need not list 'every symptom of the claimant,' the hypothetical must provide the VE with a complete picture of the claimant's RFC." *Samuels*, 959 F.3d at 1047 (quoting *Ingram v. Comm'r of SSA*, 496 F.3d 1253, 1270 (11th Cir. 2007)). This requirement "does not . . . stand for the proposition that an ALJ must intone . . . magic words . . . if the ALJ finds . . . that a claimant has limitations in [a] broad functional area." *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 916 (11th Cir. 2013) (per curiam); *see also Risch v. Comm'r SSA*, 2025 U.S. App. LEXIS 11578, at *6 (11th Cir. May 14, 2025) (per curiam) ("[A]n ALJ need not use identical language in his hypothetical posed to the vocational expert and in his RFC finding, so long as the hypothetical 'comprises all of the claimant's impairments.'" (quoting *Winschel*, 631 F.3d at 1180)).

Claimant takes issue with the hypothetical's inclusion of "all exposure to extreme temperatures, extreme temperatures of the cold, as well as extreme temperatures of the heat," (R. 63–64), rather than "exposure to temperatures of cold, and heat," (R. 23). However, Claimant does not identify how the hypothetical fails to provide the VE with a

19

complete picture of the RFC. Claimant argues that this shift in words is "important" and requires remand. Doc. 12 at 15. However, Claimant does not establish how "exposure to extreme temperatures" does not encompass claimant's impairments regarding temperatures. *Duval*, 628 F. Appx at 712 ("A VE's testimony constitutes substantial evidence if the ALJ poses a hypothetical question that includes all of a claimant's impairments.").

Claimant argues that the Court should be guided by the Eleventh Circuit's opinion in *Dial v. Comm'r of Soc. Sec*. In *Dial*, the Eleventh Circuit held "it is undisputed that the ALJ failed to include all of Dial's employment limitations in the hypothetical questions posed to the VE." 403 F. App'x 420, 421 (11th Cir. 2010) (per curiam). It was this, coupled with the ALJ's reliance "exclusively" on the VE's testimony that justified remand. *Id.* Claimant has not shown how this line of reasoning applies because, unlike the claimant in *Dial*, here it is not undisputed that the ALJ failed to include all of Claimant's employment limitations in the hypothetical. Likewise, Claimant has not shown how this "exposure to extreme temperatures" versus "exposure to temperatures of cold, and heat" does not serve the purpose of providing an adequate hypothetical to the VE.

Therefore, because Claimant has not articulated how the hypothetical does not include all of Claimant's impairments, the ALJ's reliance on the VE's testimony was supported by substantial evidence.

## V.    CONCLUSION

For the reasons set forth above, the undersigned finds that the ALJ's determinations are supported by substantial evidence and that the ALJ correctly applied the law. Accordingly, it is ORDERED as follows:

1.    Plaintiff's Motion for Summary Judgment (Doc. 12) is DENIED;

2.    The Commissioner's Motion for Summary Judgment (Doc. 17) is GRANTED; and

3.    The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 19th day of March, 2026.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

21